## CHAPIN–SACKS MFG. CO. v. HENDLER CREAMERY CO. et al. *

(Circuit Court of Appeals, Fourth Circuit. July 17, 1920.)

No. 1803.

**1. Appeal and error ⊜⇒1097 (1)—Decision on former appeal law of case.**
　　The decision on a former appeal is the law of the case, and assignments of error questioning matters adjudicated then will be overruled.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Bill by the Chapin-Sacks Manufacturing Company against the Hendler Creamery Company and another. From the decree, complainant appeals. Affirmed.

Isaac Lobe Straus, of Baltimore, Md., and Walter A. Johnston, of Washington, D. C., for appellant.

John Watson, Jr., of Baltimore, Md. (Vernon Cook, of Baltimore, Md., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. Chapin-Sacks Manufacturing Company, claiming the words "The Velvet Kind" as a trade-mark for its ice cream, brought this suit to enjoin the use of the words by Hendler Creamery Company and L. Manuel Hendler in their ice cream business, and for damages for their alleged unlawful use. In modifying the decree of the District Court of July 16, 1917, this court decreed as follows (254 Fed. 553, 166 C. C. A. 111):

"(1) The words, 'The Velvet Kind,' applied to ice cream, being descriptive, are not valid as a trade-mark. (2) Advertisement and sale by the defendants of their ice cream in the city of Baltimore did not constitute unfair competition with the complainant. (3) The complainant has an established business for ice cream under the designation of 'The Velvet Kind,' indicated by its advertisements, its containers and wagons, in Washington, D. C., Richmond and Alexandria, Va., and Annapolis, Buckeyestown, Woodstock, and Frederick, in the state of Maryland. (4) The defendants have been competing unfairly with the complainant in Annapolis and Laurel, in the state of Maryland. (5) The defendants should be enjoined from the advertisement and sale of ice cream under the designation, 'The Velvet Kind,' and from the use of containers, wagons, and other instrumentalities of the trade similar to those used by the complainant, in Washington, D. C., Richmond and Alexandria, Va., Annapolis, Laurel, Buckeyestown, Woodstock, and Frederick, in the state of Maryland, and all other places where the complainant has established the sale of its ice cream under the designation of 'The Velvet Kind,' until they shall submit to the District Court a plan of business which will satisfy the court that their ice cream will not be confused with that of the complainant, and will not in any wise unfairly affect complainant's business. (6) Complainant is entitled to an accounting as required by the District Court. (7) The unfair course of conduct pursued by the defendants requires that they pay the. entire cost in the District Court and in this court."

On May 8, 1919, the District Court entered its decree in conformity with the decree of this court. The defendants not having submitted

to the District Court a plan which would prevent confusion of its ice cream with that of the complainant, a petition was filed by complainant on July 1, 1919, asking the District Court to require the defendants to submit such plan to the end that the cause might be disposed of by final decree of the District Court. The District Court thereupon ordered the defendants to submit within 30 days a plan to meet the terms of the decree of this court on pain of the injunction being made absolute by decree, or to show cause why such decree should not be made. At the hearing under this order defendant contended that complainant had no right to require the submission of a plan by the defendants, since it was protected by the order of injunction. The District Court having overruled this contention, the defendant submitted on October 22, 1919, a plan for their use of the words "The Velvet Kind," which, according to their view, would prevent the confusion of their cream with that of complainant. This plan was disapproved on objection of the complainants. Subsequently on January 21, 1920, another plan was presented by defendants, and approved by the District Court by decree entered January 23, 1920. This decree contained this provision:

"And it is further adjudged, ordered, and decreed that this decree shall be taken and read in connection with and pursuant to the modified decree entered by this court in this cause on the 8th day of May, 1919, which said modified decree, as completed by the provisions of this order and decree, is hereby made absolute and final."

In its appeal from this decree as the final decree of the District Court in this cause the complainant assigns error in all the findings in the decrees of the District Court adverse to its claims.

Discussion of the plan adopted by the District Court for the protection of the complainant from unfair competition would be of little value. It is enough to say that, upon careful examination of it, we think it is about as fair and just as any that could have been presented.

All other questions made in the assignments of error were involved and decided in the former appeal, and the decrees of the District Court were entered in precise accordance with the decree of this court.

Affirmed.